UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-393-GWU

ROBERT LEE HOWARD, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Robert Howard brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

07-393  Robert Lee Howard

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however,

merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  <u>Ibid</u>.  In such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Howard, a 43-year-old former truck driver with a "limited" education, suffered from impairments related to the residuals of myocardial infarction, hypertension, the residuals of upper GI bleeding secondary to ulcers, and anxiety/depression.  (Tr. 534, 537-538).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 535, 537).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 538-539).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 538).

07-393  Robert Lee Howard

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question initially presented to Vocational Expert James Miller included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally crawl, crouch or kneel; (3) a need to avoid exposure to unprotected heights or hazardous equipment; and (4) a restriction to simple instructions with no requirement of performing production rate or quota work.  (Tr. 894-895).  In response, Miller identified a significant number of jobs which would remain available to such a person.  (Tr. 895).  The ALJ later added such restrictions as a need to avoid work involving exposure to temperature extremes or excessive levels of humidity, an inability to ever crawl, an inability to more than occasionally climb ladders, ropes or scaffolds, and an inability to more than occasionally stoop or bend.  (Tr. 895-896).  The expert indicated that a reduced, but still significant number of jobs would remain.  (Tr. 896).

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error.  Howard was found capable of performing a restricted range of light level work in an administrative decision which became final on March 30, 2006.[1]  (Tr. 569-579).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's findings of a restricted range of light level work is in accord with these directives.

Howard cites the opinion of Dr. Ashwini Anand to support his claim that his condition deteriorated in the time period since the March, 2006 denial decision.  In June of 2007, Dr. Anand completed a Residual Functional Capacity Questionnaire upon which he identified extremely severe physical limitations which would restrict the plaintiff to less than a full range of sedentary level work.  (Tr. 855-858).  These restrictions were presented to the vocational expert who testified that all work would be precluded under them.  (Tr. 896).  The ALJ rejected Dr. Anand's opinion as

---

[1] The undersigned affirmed this decision on April 18, 2007.  (Tr. 553-565).

binding because it was not supported by sufficient objective medical data. (Tr. 537). This action appears appropriate. The doctor cited his most recent nuclear stress test which showed an inferior infarction as a clinical finding supporting the restrictions. (Tr. 855). However, as noted by the ALJ (Tr. 537), this test result was from July, 2003, well before the alleged onset date (Tr. 763). In June of 2006, during the relevant time period, Dr. Suresh Rekhraj obtained a nuclear stress test which revealed no evidence of previous infarction. (Tr. 838). The ALJ also noted that the claimant had not sought treatment for his heart problems from Dr. Anand from June, 2005 through March, 2007. (Tr. 537). Therefore, the ALJ had sufficient reasons to reject the physician's opinion.

The record was reviewed by Dr. Leonard Smith (Tr. 773-780) and Dr. Allen Dawson (Tr. 828-835). The physical factors presented to Miller were consistent with these limitations. The staff at Marymount Medical treated Howard during the pertinent time frame and did not identify the existence of more severe physical limitations than those found by the ALJ. Therefore, substantial evidence supports this portion of the administrative decision.

"New and material" evidence of record reveals deterioration in Howard's mental condition since the March, 2006 denial decision. Dr. Kevin Eggerman examined the plaintiff and diagnosed dysthymia and alcohol abuse in sustained full remission. (Tr. 785). The examiner opined that the claimant would be moderately

07-393  Robert Lee Howard

limited in handling detailed instructions, in interacting with supervisors, co-workers or the public, and in responding appropriately to work pressures. (Tr. 786). As previously noted, the hypothetical question included only a restriction to simple work with no production rate or quota work. Dr. Eggerman's limitations concerning interacting with supervisors, co-workers and the public as well as responding appropriately to work pressures were not covered. Thus, this opinion does not support the administrative decision.

The record was reviewed by Psychologists Jan Jacobson (Tr. 803-805) and Jane Brake (810-812), each of whom reported that Howard would be "moderately" limited in understanding, remembering and carrying out detailed instructions, completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, and interacting appropriately with the public. These restrictions were also not fully reflected in the ALJ's findings.

The ALJ actually indicated that he gave "great" weight to the opinions of Dr. Eggerman and the medical reviewers. (Tr. 537). However, these mental health professionals all identified more severe mental restrictions than were found previously. They support a finding of deterioration in the plaintiff's mental condition which needed to be included in the ALJ's hypothetical question and were not. Therefore, a remand of the action for further consideration is required.

07-393  Robert Lee Howard

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20th day of August, 2008.

Signed By:

*G. Wix Unthank*

United States Senior Judge